**Glenda REED, a widow, et al., Plaintiffs,**

v.

**DIAMOND SHAMROCK CORPORA-TION, Defendant,**

v.

**PLATZER SHIPYARD, INC., Third-Party Defendant.**

**Civ. A. No. 7040.**

United States District Court, E. D. Texas, Beaumont Division.

June 27, 1972.

Ned Johnson, Waldman, Smallwood, Johnson & Rafes, Beaumont, Tex., for plaintiffs.

Owen W. Cecil, Fulbright, Crooker & Jaworski, Houston, Tex., for defendant and third-party plaintiff.

Mayo J. Thompson, Royston, Razor, Cook & Vickery, Houston, Tex., for third-party defendant.

STEGER, District Judge.

## STATEMENT OF THE CASE

Plaintiffs, by and through Glenda Reed, surviving widow of Ralph Vernon Reed, instituted this damage suit against the Defendant-Third Party Plaintiff, Diamond Shamrock Corporation (hereinafter referred to as Diamond). Diamond, in turn, instituted an action over in indemnity against Platzer Shipyard, Inc., (hereinafter referred to as Platzer), alleging a breach of its warranty of workmanlike performance. This Court's admiralty and maritime jurisdiction has been invoked by Plaintiffs pursuant to the provisions of Rule 9(h), Federal Rules of Civil Procedure. Plaintiffs allege by way of complaint that Diamond was negligent, the Barge, DIAMOND 101, unseaworthy, and the Plaintiffs' decedent sustained fatal injuries by reason of such negligence and/or unseaworthiness.

The case came on before the Court on Defendant-Third Party Plaintiff's and Third Party Defendant's Motions to Dismiss and for Summary Judgment. Having considered all the evidence related thereto, the arguments and briefs of counsel, the pleadings, the deposition testimony of the Superintendent of Third Party Defendant, Platzer, and being otherwise fully advised in the premises, the Court hereby makes and enters its Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure as follows:

## FINDINGS OF FACT

1. Plaintiff, Glenda Reed, is the widow and Ralph Edward Reed, Robert Duane Reed, Jessica Paulette Reed, Jerry Joseph Reed, Tracy Vernon Reed and Stacy Vernon Reed are the minor children of Ralph Vernon Reed, deceased.

2. Defendant-Third Party Plaintiff, Diamond Shamrock Corporation, is, and at all times hereinafter mentioned was, a foreign corporation doing business in Houston, Harris County, Texas, and Third Party Defendant, Platzer Shipyard, Inc., is, and at all times hereinafter mentioned was, a Texas corporation, engaged in marine construction and repair work within the State of Texas.

3. Ralph Vernon Reed, deceased, hereinafter referred to as decedent, was an employee of Third Party Defendant on June 13, 1968, when he sustained the fatal injuries made the basis of this suit.

4. The Barge, DIAMOND 101, is a tank-type vessel utilized for the carrying of liquid bulk chemical and petroleum products and at all times material hereto, was owned and operated by Defendant-Third Party Plaintiff, Diamond. The barge, from the time of its delivery by Defendant-Third Party Plaintiff to Third Party Defendant on May 21, 1968, until repairs were completed on June 26, 1968, was under the sole and exclusive control of Third Party Defendant, Platzer.

5. On June 13, 1968, the deceased, a welder by classification and experience, was doing certain inside welding upon one of the barge's void compartments, a compartment which assisted in the flotation of the barge. During the performance of the above mentioned work, the decedent sustained fatal injuries by electrocution.

6. During the period of time from May 21, 1968, to June 26, 1968, the Barge, DIAMOND 101, was physically located on the land upon a marine railway, having been completely withdrawn from navigable waters.

7. During the period of time from May 21, 1968, to June 26, 1968, the Barge, DIAMOND 101, underwent extensive repairs costing $31,920.90, which repairs necessitated the invasion of the

barge's watertight integrity. During the above-mentioned period of time the Barge, DIAMOND 101, was unable and incapable of carrying out its primary mission of transporting chemical and petroleum products in maritime navigation due to the repairs being effected.

8. During the period of time from May 21, 1968, to June 26, 1968, Defendant-Third Party Plaintiff had no representative nor crew aboard the Barge, DIAMOND 101.

## CONCLUSIONS OF LAW

■ 1. From the foregoing Findings of Fact, the Court concludes, as a matter of law, that the Barge, DIAMOND 101, was out of navigation at the time of decedent's fatal injuries on June 13, 1968, and thus, no warranty of seaworthiness extended to or was owed to the decedent at the time above-mentioned. West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959); Keller v. Dravo Corporation, 441 F.2d 1239 (5th Cir. 1971); cert. denied, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); Johnson v. Oil Transport Company, Inc., 440 F.2d 109 (5th Cir., 1971); cert. denied, 404 U.S. 868, 92 S. Ct. 109, 30 L.Ed.2d 111 (1971); reh. denied, 404 U.S. 961, 92 S.Ct. 309, 30 L. Ed.2d 280 (1971); Watz v. Zapata Off-Shore Co., 431 F.2d 100 (5th Cir., 1970); Moye v. Sioux City & New Orleans Barge Lines, Inc., 402 F.2d 238 (5th Cir., 1968); cert. denied, 395 U.S. 913, 89 S.Ct. 1759, 23 L.Ed.2d 226.

■ 2. From the Findings of Fact previously made, the Court concludes, as a matter of law, that on the date of the decedent's fatal injuries, the decedent was not performing tasks traditionally performed by seamen nor was the decedent a seaman doing a seaman's work and incurring a seaman's hazards. Thus, Defendant-Third Party Plaintiff did not owe the warranty of seaworthiness to a person situate as was the decedent on June 16, 1968. West v. United States, supra; Delome v. Union Barge Line Co., 444 F.2d 225 (5th Cir., 1971); cert. denied, 404 U.S. 995, 92 S. Ct. 534, 30 L.Ed.2d 547 (1971); Johnson v. Oil Transport Company, Inc., supra.

■ 3. From the Findings of Fact above made, the Court concludes, as a matter of law, that Defendant-Third Party Plaintiff was not negligent nor was there a duty upon Defendant-Third Party Plaintiff to provide decedent with a safe place to work under the facts previously found by the Court. West v. United States, supra; Johnson v. Oil Transport Co., supra. Moye v. Sioux City & New Orleans Barge Lines, Inc., supra.

■ 4. Alternatively, the Court finds and holds in accordance with the Findings of Fact previously entered herein, that this Court is without admiralty and maritime jurisdiction to entertain Plaintiffs' cause of action. Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971); reh. denied, 1972; Delome v. Union Barge Line Co., supra.

■ 5. Defendant-Third Party Plaintiff, Diamond Shamrock Corporation, is entitled to summary judgment on Plaintiffs' cause of action and Third Party Defendant, Platzer Shipyard, Inc., is entitled to summary judgment on Defendant-Third Party Plaintiff's cause of action for indemnity.